IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GALE ACREMAN WHITLEY,    *
#255 002
    Plaintiff,       *

    v.         *        2:10-CV-315-TMH
                (WO)
WARDEN FRANK ALBRIGHT, *et al.*,  *

    Defendants.      *

_____

**ORDER**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

A thorough review of this complaint indicates that Plaintiff, with the exception of Defendant

Albright,  fails to properly name and identify defendants responsible for the alleged

violations of her constitutional rights. *But see  Gray ex rel. Alexander v. Bostic*, 458 F.3d

1295, 1308 (11th Cir. 2006) (" [s]upervisory officials cannot be held liable under § 1983 for

the unconstitutional actions of their subordinates based on *respondeat superior* liability.

*Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999).") In addition to Warden Albright,

Plaintiff names "Tutwiler Prison" and "Alabama Department of Corrections" as defendants.

The latter two entities are not subject to suit in a 42 U.S.C. § 1983 action. *See Papasan v.*

*Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89

(1984).  Moreover, the complaint contains claims that are not related to each other.  That is,

this action contains claim based on a dispute over medical treatment, equal protection, sexual

harassment, and physical, mental, verbal, and emotional abuse.  The complaint fails to identify factual allegations material to specific counts lodged against prison  officials with respect to any violations of Plaintiff's constitutional rights.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P.,  and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is ORDERED that on or before **May 18, 2010**:

1.  Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall  supersede the original complaint*. This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.   That being said, the claims in the complaint form should be less numerous than those contained in the original complaint due to the following pleading requirements.  It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.

Plaintiff must, therefore, decide on which claim she will proceed in this action;

2.  Plaintiff's amended complaint filed pursuant to the instant order shall contain one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

3. Plaintiff's amended complaint shall: (a) identify specific claims relative to ***actions taken against her*** by those persons named as defendants and list these claims in separate counts; (b) describe with clarity those factual allegations that are material to each specific count against the named defendants; and (c) describe how the named defendants violated ***her*** constitutional rights.

4.  Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

 Plaintiff is advised that her failure to file a  complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead  a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed  under F.R.Civ.P. 41(b) for failure to comply with the court's order.  *Pelletier*

*v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint

under 42 U.S.C. § 1983 to assist her in complying with the directives contained herein.

Done, this 3rd day of May 2010.


          /s/ Wallace Capel, Jr.
          WALLACE CAPEL, JR.
          UNITED STATES MAGISTRATE JUDGE